*In re* JOHN R. LUNDAHL, Alleged Disabled Person (Keith E. Roberts, Sr., Guardian of the Estate of John R. Lundahl, Appellant; Paul Didzerekis, Appellee).

Second District No. 2—89—0860

Opinion filed July 19, 1990.

Mark W. Damisch, of Barclay, Damisch & Sinson, Ltd., of Wheaton, and Junie L. Sinson, of Barclay, Damisch & Sinson, of Chicago, for appellant.

Paul P. Didzerekis, of Wheaton, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

The guardian of the estate (guardian) of John R. Lundahl, a disabled person, appeals from an order of the circuit court of Du Page County awarding attorney fees to Paul Didzerekis, the attorney for Mr. Lundahl's adult children. The guardian contends that the trial court erred in awarding the fees because guardians of the person and

the estate were already appointed to represent Mr. Lundahl's interests. In addition, the guardian argues that the court erred in failing to conduct a hearing on the reasonableness of the fees. We affirm in part and reverse in part.

On November 15, 1988, attorneys Paul Didzerekis and Bob Chew filed a petition seeking to have Mr. Lundahl declared a disabled person. On December 14, 1988, the trial court entered an agreed order in which it found that Mr. Lundahl suffered from Alzheimer's dementia and declared him a disabled person. The court appointed Keith Roberts to serve as the guardian of Mr. Lundahl's estate, and appointed Leslie Robbins and Elizabeth Lundahl, Mr. Lundahl's wife, to be coguardians of the person.

On December 23, 1988, Mr. Lundahl's adult children filed a petition seeking to have Leslie Robbins appointed as the plenary guardian of the person of Mr. Lundahl. The petition alleged that Elizabeth Lundahl's marriage to Mr. Lundahl was "clearly voidable under Illinois Law" and that it would be in Mr. Lundahl's best interests to preclude Elizabeth from acting as his guardian of the person. On December 27, 1988, the trial court entered an order appointing Leslie Robbins the plenary guardian of the person of Mr. Lundahl.

On January 25, 1988, Elizabeth Lundahl filed a notice of appeal of the trial court's order appointing Leslie Robbins the plenary guardian of the person of Mr. Lundahl. On October 23, 1989, this court affirmed the trial court's order. *In re Lundahl* (1989), 188 Ill. App. 3d 1109 (unpublished order under Supreme Court Rule 23).

On June 1, 1989, attorney Paul Didzerekis, counsel for Mr. Lundahl's adult children, filed a petition for attorney fees. Didzerekis requested the court to award him $9,350 in fees, $131.50 in costs, and $368.75 in paralegal services from Mr. Lundahl's estate. This fee petition, which totalled $9,850.25, was for time Didzerekis spent prior to the trial court's orders appointing guardians in this case. On July 17, 1989, Didzerekis filed an amended petition for attorney fees. The amended petition included work performed after the guardians were appointed, and requested fees of $14,600, costs of $86.57, and $868.75 for paralegal services, for a total of $15,555.32. Thus, Didzerekis requested that the court award him $25,405.57 in fees and costs for his representation in this matter.

A hearing on Didzerekis' fee petition, along with the fee petitions of other counsel of record, was held on July 24, 1989. At the hearing, the attorney for the guardian of the estate stated: "In the case of Mr. Didzerekis' [*sic*] and Mr. Chew, it is the position of the Estate that from December 27, 1988 on, we believe that there should not be fees

or costs awarded and for the monies sought by these individuals prior to that date, we have no objection to the reasonableness and the legitimacy of their Petition." Didzerekis responded by claiming that the fee petitions did not include matters relating solely to representing Mr. Lundahl's adult children's interests, but instead related solely to matters benefitting the estate.

On July 26, 1989, the trial court entered an order awarding Didzerekis $25,405.57 in attorney fees and costs. The court stated:

"This is a very unique situation. Some of the uniqueness of the situation is another judge has determined the necessity of guardianship, both estate and person.

It's a hard-fought litigation. It's an expensive litigation. My gut reaction is that here is a disabled person funding litigation. My gut churns. Probably a typical example of why the legal system is criticized.

I have reflected further and I have learned long ago that any little protest I might make on behalf of justice can have very little effect.

For me to allow some fees and disallow other fees might very well constitute a comment on the merits or demerits of the litigants' different positions, those positions having been determined by other judges and to be determined by still other judges.
\* \* \*
Therefore, it's the order of the Court that all fee petitions are allowed."

The guardian filed a timely notice of appeal.

Initially, we note that the guardian is apparently contesting the entire fee amount which the trial court awarded to Didzerekis. However, the guardian's position at the hearing on Didzerekis' fee petition was that Didzerekis was entitled to the fees earned before December 27, 1988 (the date that the guardian was appointed), which amounted to $9,850.25. Given that the guardian agreed with Didzerekis' request during the hearing for fees prior to December 27, 1988, we see no reason to disturb this award. Thus, we will limit our review to the award of $15,555.32 in fees for legal services provided after December 27, 1988.

The guardian's first contention on appeal is that Didzerekis was not entitled to attorney fees because two court-appointed guardians were already protecting Mr. Lundahl's interests. Thus, the guardian argues that Didzerekis had no statutory basis to request attorney fees from Mr. Lundahl's estate.

■ Didzerekis disagrees, arguing instead that *In re Estate of Thompson* (1989), 186 Ill. App. 3d 874, controls the disposition of this issue. In *Thompson*, the court determined that it was proper to award attorney fees to the attorney who represented the family of the disabled person. (186 Ill. App. 3d at 879-80.) The court noted that the award of attorney fees is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. (186 Ill. App. 3d at 879-80, citing *In re Estate of Kutchins* (1988), 169 Ill. App. 3d 641, 646.) The *Thompson* court found no abuse of discretion because the attorney for the guardian of the estate requested that an attorney be appointed to avoid a potential conflict of interest situation. 186 Ill. App. 3d at 880.

We find *Thompson* to be distinguishable from the present case in one crucial respect: namely, the guardian in the case at bar never requested Didzerekis' services due to a possible conflict of interest between Mr. Lundahl and his adult children. Furthermore, there was no indication that a conflict of interest existed in this case. Thus, *Thompson* is inapplicable to the present case because there was no indication that separate representation by Didzerekis for Mr. Lundahls' adult children was necessary to protect Mr. Lundahl's interests.

■■ ■ We agree with the guardian that the trial court abused its discretion in awarding attorney fees to Didzerekis where Mr. Lundahl's interests were already adequately protected. To rule otherwise would require Mr. Lundahl's estate to pay Didzerekis' attorney fees even though his services after December 27, 1988, were not requested or otherwise needed to protect Mr. Lundahl's interests.

We find support for our decision in *In re Estate of Kutchins* (1988), 169 Ill. App. 3d 641. In *Kutchins*, the appellate court determined that an attorney was *not* entitled to be compensated by the estate for drafting an agreement between the disabled person and his family. (169 Ill. App. 3d at 646.) The court noted that the attorney never requested or received permission to represent the disabled person beyond the restoration proceedings and thus was not entitled to receive compensation from the estate for these services. 169 Ill. App. 3d at 646.

Given that we have determined that the trial court erred in awarding Didzerekis attorney fees for his work performed after December 27, 1988, we need not address the guardian's other argument concerning the reasonableness of the fees.

For the above-stated reasons, the judgment of the circuit court of Du Page County is affirmed with respect to the fee award of $9,850.25 for work performed prior to December 27, 1988. The award

of $15,555.32 in fees for work performed after December 27, 1988, is reversed.

Affirmed in part; reversed in part.

WOODWARD and GEIGER, JJ., concur.